IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL SAMUEL SEWELL, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:24-cv-82 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| MICHAEL UNDERWOOD, WARDEN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 8) filed by Paul Samuel Sewell ("Petitioner") pursuant to 28 U.S.C. § 2241. For the reasons below, the Court will dismiss the petition.

**I.     Introduction**

Petitioner is an inmate at the Federal Correctional Institution at Loretto, where he is serving a sentence of 276 months' imprisonment that was imposed following his conviction in the United States District Court for the Eastern District of Pennsylvania of multiple counts of sex trafficking of children or adults by force and production of child pornography. *United States v. Sewell*, Case No. 5-10-cr-731-JFL-1.

Petitioner raises four grounds for relief: (1) a violation of his First Amendment right to religious freedom due to his inability to purchase an electronic shaver for his beard; (2) a violation of his Eighth Amendment right to be free from cruel and unusual punishment based on lack of proper cleaning products for the clipper supplied by the prison; (3) an objection to Respondent's

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of a final judgment.

denial of a request to purchase a battery-operated shaver; and (4) an objection to the continuing closure of the compound preventing Petitioner from leaving his housing unit.

Respondent filed an Answer (ECF No. 18) and Petitioner filed a Reply. (ECF No. 20.) Thus, the Petition is ripe for consideration.

## II.     Discussion

Respondent argues that this Court lacks jurisdiction over this petition. (ECF No. 18 at 2-4.)

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). *See also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). However, when a federal prisoner challenges a condition of confinement in a manner that a favorable outcome for the prisoner would not alter his sentence or undo his conviction, the action is properly brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010) (quoting *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

As a review of the Petition confirms, all of the grounds for relief in the Petition relate to Petitioner's objections to his conditions of confinement.  He asserts a violation of the First Amendment rights due to his inability to purchase an electronic shaver and a violation of his Eighth Amendment rights based on the lack of cleaning products for a clipper supplied by the correctional institution, and objects to the denial of his request to purchase a battery-operated shaver so he can shave in conformance with his religious beliefs.  He also objects to the continuing closure of the compound preventing him from leaving his housing unit.

Based on these allegations, granting Petitioner any of the relief he seeks would not alter his sentence or undo his conviction. Thus, his claims are not cognizable in a federal habeas proceeding. Accordingly, they will be dismissed without prejudice to any right Petitioner may have to assert them in a civil rights action or through any other proper channel.

### III. Conclusion

Based on the above, the Court will dismiss the petition for lack of subject matter jurisdiction.

An appropriate Order follows.


August 28, 2025                                         /s/ Patricia L. Dodge
                                                        PATRICIA L. DODGE
                                                        UNITED STATES MAGISTRATE JUDGE